**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| NB LOFT VUE, DST, *ET AL.*, | § § § | Case No. 21-32292 |
| Debtors. | § § § | (Jointly Administered) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF
AN ORDER (I) EXTENDING TIME TO FILE SCHEDULES AND
STATEMENTS AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. A hearing will be conducted on this matter on July 22, 2021, at 2:30 p.m. (prevailing Central Time) in the Courtroom located at Courtroom 404, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeIsgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Isgur. Under "Electronic Appearance," select "Click here to submit Electronic Appearance." Select the case name, complete the required fields, and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**Relief is requested no later than July 22, 2021.**

COME NOW the above-captioned debtors and debtors in possession (collectively, the "Debtors") and file this the *Debtors' Emergency Motion for Entry of an Order (I) Extending Time to File Schedules and Statements and (II) Granting Related Relief* (the "Motion"), in support of which they would respectfully show as follows:

### RELIEF REQUESTED

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Proposed Order"):

    a. extending the deadline by which the Debtors will file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by an additional 14 days to and including **August 3, 2021** for a total of 28 days from the Petition Date (as defined herein), without prejudice to the Debtors' ability to request additional extensions for cause shown; and

    b. granting related relief.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 107, and 521 of the Bankruptcy Code, rules 1007, 2002, 9006, and 9007 of the Bankruptcy Rules, and rules 2015-3 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

### BACKGROUND

4. On July 6, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Patrick Nelson in Support*

of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"),[1] filed contemporaneously with this Motion and incorporated by reference herein.

5.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## BASIS FOR RELIEF

**A.  Cause Exists to Extend the Time Limits to File the Schedules and Statements**

6.  Debtors must ordinarily file the Schedules and Statements within 14 days of filing a bankruptcy petition, *see* 11 U.S.C. § 521; Fed. R. Bankr. P. 1007(c), but the Court may extend the time limits "for cause," *see* Fed. R. Bankr. P. 1007(c) and 9006(b).

7.  Collection of the information necessary to prepare the Schedules and Statements will require significant time and effort from the Debtors and their employees and advisors. The Debtors will have to compile information from books, records, and documents relating to the claims, assets, and contracts from each Debtor entity. The Debtors may not have expedited access to all of the information required to prepare the Schedules and Statements, given that the same employees and advisors are managing numerous other emerging properties at the same time. Furthermore, the ongoing COVID-19 pandemic may hinder the Debtors' ability to access the materials necessary to compile the Schedules and Statements. Given the size and complexity of the Debtors' businesses and financial affairs and the critical matters and restructuring negotiations that the Debtors' management and professionals were required to address prior to the

---

[1]  Capitalized terms used but not otherwise defined in this Motion have the meaning ascribed to them in the First Day Declaration.

commencement of these chapter 11 cases, the Debtors will not be able to complete the Schedules and Statements within the time limits set forth in Bankruptcy Rule 1007(c).

8. An extension will not harm creditors or other parties in interest because, even under the proposed extended deadline, the Schedules and Statements will be filed before any deadline for filing proofs of claim in these chapter 11 cases. The Debtors' business operations are complex and vast, and preparing the Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and the Debtors' advisors. The Debtors' request for a 14-day extension of time to file the Schedules and Statements, without prejudice to the Debtors' ability to request additional extensions for cause shown, is appropriate and warranted under the circumstances.

### WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(H)

9. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### RESERVATION OF RIGHTS

10. Nothing contained in this Motion is or should be construed as: (a) an admission as to the validity, priority, or amount of any particular claim against the Debtors; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a finding that any particular claim is an administrative expense claim or other priority claim; (f) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or

any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### EMERGENCY CONSIDERATION

11.     The Debtors request emergency consideration of this Motion pursuant to Local Rule 9013-1(i) and Bankruptcy Rule 6003, which empower the Court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations and any delay in granting the relief requested could hinder their operations and cause irreparable harm. The failure to receive the requested relief during the first 21 days of these chapter 11 cases could severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring. The Debtors have satisfied the standards of Local Rule 9013(1)(i) and Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

### NOTICE

12.     The Debtors will provide notice to parties in interest, including: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against each of the Debtors on a consolidated basis; (c) all secured creditors of the Debtors; (d) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002;

and (f) counsel for any of the foregoing, to the extent known. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court (a) enter the Proposed Order in substantially the form attached hereto and (b) grant the Debtors such other and further relief to which they may show themselves justly entitled.

RESPECTFULLY SUBMITTED this 19th day of July, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    500 North Akard St., Ste. 3800
    Dallas, Texas 75201
    Telephone: (214) 855-7500
    Facsimile: (214) 978-4375

    tberghman@munsch.com

and

**TUCKER ELLIS LLP**

Thomas R. Fawkes, Esq.
(*pro hac vice*)
233 S. Wacker Dr. Suite 6950
Chicago, Illinois 60606
Telephone: (312) 256-9425
Facsimile: (312) 624-6309
thomas.fawkes@tuckerellis.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

## Certificate of Accuracy

Pursuant to Local Rule 9013-1(i), I certify that the foregoing statements are true and accurate to the best of my knowledge, information, and belief.

*/s/ Thomas R. Fawkes*
Thomas R. Fawkes, Esq.