IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NB LOFT VUE, DST, *ET AL.*, | § | Case No. 21-32292 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR INTERIM AND FINAL ORDERS
(I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE
PROTECTION, (III) SCHEDULING A FINAL HEARING, AND
(IV) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. A hearing will be conducted on this matter on July 22, 2021, at 2:30 p.m. (prevailing Central Time) in the Courtroom located at Courtroom 404, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeIsgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Isgur. Under "Electronic Appearance," select "Click here to submit Electronic Appearance." Select the case name, complete the required fields, and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**Relief is requested no later than July 22, 2021.**

COME NOW the above captioned debtors and debtors in possession, NB Loft Vue, DST ("Loft Vue") and NB Vue Mac, DST ("Vue Mac," and together with Loft Vue, the "Debtors") and file this the *Debtors' Emergency Motion for Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Related Relief* (the "Motion"), in support of which they would respectfully show as follows:

## I.   JURISDICTION & VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 & 1409.

2. The bases for the relief requested herein are sections 105(a), 361, 362 and 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 4001-1 and 4002-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

## II.   BACKGROUND

**A.   GENERAL BACKGROUND**

3. On July 6, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Patrick Nelson in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[1] filed contemporaneously with this Motion and incorporated by reference herein.

---

[1] Capitalized terms used but not otherwise defined in this Motion have the meaning ascribed to them in the First Day Declaration.

4. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

**B.     THE DEBTORS' SECURED OBLIGATIONS**

3. Loft Vue is the borrower under that certain Multifamily Loan and Security Agreement (the "Loft Vue Loan Agreement"), dated as of September 30, 2016, with Berkeley Point Capital, LLC as original lender and servicer, in the original principal amount of $10,712,000.00. This loan is evidenced by that certain Multifamily Note (the "Loft Vue Note"), also dated as of September 30, 2016, and is secured by that certain Multifamily Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing ("Loft Vue Security Agreement"), recorded at Instrument Number D216230304 with the Tarrant County, Texas recorder, covering the Loft Vue Facility's real and personal property. The foregoing loan and security documents were assigned to Fannie Mae (the "Lender" or "Fannie Mae").

4. On November 1, 2020, Loft Vue entered into that certain Loan Modification Agreement (the "Loft Vue First Modification") with Fannie Mae, Nelson Brothers Professional Real Estate, LLC, Patrick Nelson, and Brian Nelson.

5. On January 5, 2021, Loft Vue entered into that certain Forbearance and Second Loan Modification Agreement (the "Loft Vue Second Modification") with Fannie Mae, Nelson Brothers Professional Real Estate, LLC, Patrick Nelson, and Brian Nelson.

6. The Loft Vue Loan Agreement, Loft Vue Note, Loft Vue Security Agreement, Loft Vue First Modification, and Loft Vue Second Modification, along with all other related agreements, are collectively defined as the "Loft Vue Loan Documents".

7. As of the Petition Date, Loft Vue's obligations to Fannie Mae, upon information and belief, are in the approximately amount of $11.5 million, inclusive of accrued and unpaid interest, attorneys' fees and costs, but exclusive of a prepayment penalty asserted by Fannie Mae in excess of $2 million (the "Loft Vue Secured Obligations").

8. Pursuant to the Loft Vue Loan Documents, the Loft Vue Secured Obligations are secured by valid, binding, perfected first-priority security interest in and liens (the "Loft Vue Prepetition Liens") on substantially all real and personal property assets of Loft Vue (the "Loft Vue Collateral").

9. Loft Vue holds cash in three accounts held at Citizens Community Bank: an operating account ending in 3452; a security deposit and sources and uses account ending in 3657; and a distributions account ending in 3797.

10. All of Loft Vue's cash as of the Petition Date constitutes Cash Collateral of the Lender.

11. Vue Mac is the borrower under that certain Multifamily Loan and Security Agreement (the "Vue Mac Loan Agreement"), dated as of December 18, 2015, with Berkeley Point Capital, LLC as original lender and servicer, in the original principal amount of $23,265,000.00. This loan is evidenced by that certain Multifamily Note (the "Vue Mac Note"), also dated as of December 18, 2015, and is secured by that certain Multifamily Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing ("Vue Mac Security Agreement"), recorded at Instrument Number 20150570034 with the Harris County, Texas recorder, covering the Vue Mac Facility's real and personal property. The foregoing loan and security documents were assigned to Fannie Mae.

12. On November 1, 2020, Vue Mac entered into that certain Loan Modification Agreement (the "Vue Mac First Modification") with Fannie Mae, Nelson Brothers Professional Real Estate, LLC, Patrick Nelson, and Brian Nelson.

13. On January 5, 2021, Vue Mac entered into that certain Forbearance and Second Loan Modification Agreement (the "Vue Mac Second Modification") with Fannie Mae, Nelson Brothers Professional Real Estate, LLC, Patrick Nelson, and Brian Nelson.

14. The Vue Mac Loan Agreement, Vue Mac Note, Vue Mac Security Agreement, Vue Mac First Modification, and Vue Mac Second Modification, along with all other related agreements, are collectively defined as the "Vue Mac Loan Documents".

15. As of the Petition Date, Vue Mac's obligations to Fannie Mae upon information and belief, exceed $24.5 million, inclusive of accrued and unpaid interest, attorneys' fees and costs, after accounting for certain reserves and escrows held by Fannie Mae, but excluding a prepayment penalty asserted by Fannie Mae in excess of $4.5 million (the "Vue Mac Secured Obligations").

16. Pursuant to the Vue Mac Loan Documents, the Vue Mac Secured Obligations are secured by valid, binding, perfected first-priority security interest in and liens (the "Vue Mac Prepetition Liens") on substantially all real and personal property assets of Vue Mac (the "Vue Mac Collateral").

17. Vue Mac holds cash in four accounts held at Citizens Community Bank: an operating account ending in 7614; a security deposit account ending in 7665; a distributions account ending in 1972; and a sources and uses account ending in 1778.

18. All of Vue Mac's cash as of the Petition Date constitutes Cash Collateral of the Lender.

### III.     REQUESTED RELIEF

19.     The Debtors have an immediate need for the use of "Cash Collateral" (as defined in 11 U.S.C. § 363(a)). Accordingly, the Debtors seek entry of the attached *Interim Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* (the "Interim Order"), attached hereto as Exhibit "A", pursuant to which the Lender will permit the Debtor to use Cash Collateral in accordance with the attached budget (the "Budget"), attached hereto as Exhibit "B". While the Debtors anticipate that the Lender will consent to the interim use of cash collateral in accordance with the proposed Interim Order, at the time of the filing of this Motion, several unresolved issues concerning the same exist that the parties will continue to negotiate – and hope to resolve – in advance of an interim hearing on the Motion. In exchange for adequate protection, each Debtor is authorized to use Cash Collateral in their accounts for the period (the "Specified Period") from the Petition Date through the Termination Declaration Date (as defined herein); provided, however, that the Specified Period may be extended with the prior written agreement of the Lender. For the avoidance of doubt, each Debtor is not authorized to use Cash Collateral in the security deposit accounts. The substantive terms of the Interim Order, are summarized as follows[2]:

      a.    As adequate protection, the Lender, is hereby granted, solely to the extent of any diminution in value of the Lender's interests in the Prepetition Collateral[3] from and after the Petition Date resulting from, among other things, the use of Cash Collateral, the use, sale, lease, consumption, or disposition of the Collateral, or the imposition of the automatic stay as set forth in the Interim Order.

---

[2]     Capitalized terms used but not otherwise defined in this Section have the meaning ascribed to them in the Interim Order.

[3]     The Vue Mac Collateral and Loft Vue Collateral are collectively defined herein as the "Prepetition Collateral." The Vue Mac Prepetition Liens and Loft Vue Prepetition Liens are collectively defined herein as the "Prepetition Liens." The Vue Mac Secured Obligations and Loft Vue Secured Obligations are collectively defined herein as the "Prepetition Secured Obligations."

      b.    The occurrence and continuance of any of any event, as defined as a "Termination Event," in the Interim Order, shall be construed as such; and

      c.    Subject to the terms and conditions contained in the Interim Order, the Adequate Protection Liens and the Adequate Protection Superpriority Claim shall be subordinate to "Carve-Out" provisions, subject to entry of a Final Order.

20. In addition to the foregoing, the Debtors are agreeing to institute certain Milestones, as more fully set forth in the Interim Cash Collateral Order, concerning the sale of the Debtors' assets and/or the refinancing of their obligations to Fannie Mae. These Milestones will ensure that the Debtors are aggressively pursuing restructuring or liquidation options while having lender support during this process.

## IV.    ARGUMENT AND AUTHORITIES

21. Pursuant to the Bankruptcy Code, the Debtors may not use Cash Collateral unless "each entity that has an interest in such cash collateral consents," or unless "the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2)(A)-(B). "The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 14-day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing." FED. R. BANKR. P. 4001(b)(2).

22. The Debtors, and their estates, have a need for the immediate and continuing usage of Cash Collateral to prevent immediate, irreparable, and substantial injury. Among other things, if the Debtors do not pay and/or reimburse their employees, their employees will leave and the Debtors' going concern will be gone, and the Debtors will be unable to generate revenue; without paying utilities, the Debtors will not be able to continue to provide services to tenants; without

being able to pay for insurance, all property of the Debtors' will be at a risk of loss; and without being able to pay its professionals, this bankruptcy case will not advance. This is so especially during the weeks immediately following the filing of this Motion, which is why the Debtors request a preliminary hearing and interim order within the fourteen (14) day period referenced in Rule 4001(b)(2) to avoid immediate and irreparable harm to the Debtors' estate.

23. While the Debtors have been working with the Lender to negotiate a fully-agreed Interim Order, and have made substantial progress in doing so, there remains at the time of filing of this motion several items that are the subject of continued negotiations between the parties. The Debtors are optimistic that these items will be fully resolved prior to an interim hearing on the Motion and that an agreed order will be able to be submitted.

## V.     EMERGENCY CONSIDERATION

24. The Debtors request emergency consideration of the Motion pursuant to Bankruptcy Rule 4001, which empowers a court to grant relief within the first 14 days after the commencement of a chapter 11 case "as is necessary to avoid immediate and irreparable harm …." The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 14 days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 4001 and requests that the Court approve the relief requested herein on an emergency basis.

## VI.     NOTICE

25. The Debtors will provide notice to parties-in-interest, including: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims

against each of the Debtors on a consolidated basis; (c) all secured creditors of the Debtors; (d) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) counsel for any of the foregoing, to the extent known. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request that the Court (A) enter the Interim Order; (B) schedule a final hearing on this Motion; and (C) grant the Debtors such other and further relief to which it may show itself justly entitled.

RESPECTFULLY SUBMITTED this 19th day of July, 2021.

        **MUNSCH HARDT KOPF & HARR, P.C.**

        By: */s/ Thomas Berghman*
            Thomas D. Berghman, Esq.
            Texas Bar No. 24082683
            500 North Akard St., Ste. 3800
            Dallas, Texas 75201
            Telephone: (214) 855-7500
            Facsimile: (214) 978-4375

            tberghman@munsch.com

and

**TUCKER ELLIS LLP**

Thomas R. Fawkes, Esq.
(*pro hac vice*)
233 S. Wacker Dr. Suite 6950
Chicago, Illinois 60606
Telephone: (312) 256-9425
Facsimile: (312) 624-6309
thomas.fawkes@tuckerellis.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

## Certificate of Accuracy

Pursuant to Local Rule 9013-1(i), I certify that the foregoing statements are true and accurate to the best of my knowledge, information, and belief.

                                               */s/ Thomas R. Fawkes*
                                               Thomas R., Fawkes, Esq.