IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NB LOFT VUE, DST, *ET AL.*, | § | Case No. 21-32292 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEMS AND MAINTAIN EXISTING BANK ACCOUNTS AND (B) MAINTAIN EXISTING BUSINESS FORMS, (II) SCHEDULING A FINAL HEARING, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of NB Loft Vue, DST ("Loft Vue") and NB Vue Mac, DST ("Vue Mac," and together with Loft Vue, the "Debtors"), pursuant to sections 105(a), 345, 363, 364(b), and 503(b) of the chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"), for the entry of an interim order (the "Interim Order") (i) authorizing, but not directing, the Debtors to (a) continue to operate their cash management systems and maintain existing bank accounts and (b) maintain existing business forms, (ii) scheduling a final hearing (the "Final Hearing") on the Motion and approving the form and manner of notice thereof, and (iii) granting such other and further relief as the Court deems just and equitable; the Court having reviewed Motion and the (a) Declaration of Patrick Nelson filed in support of the Motion and (b) Declaration of Patrick Nelson in Support of Chapter 11 Petition and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

First Day Pleadings both filed contemporaneously with the Motion, and the evidence submitted or adduced and the arguments of counsel made at the interim hearing held on July 20, 2021 (the "Interim Hearing"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, the estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given under the circumstances, and that no other or further notice of the Motion is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED THAT:**

1. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2021 at _____ a.m./p.m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. prevailing Central Time on _____, 2021. In the event no objections to entry of a final order on the Motion are timely received, the Court may enter such final order without need for the final hearing.

2. The Debtors are authorized and empowered to continue use of their Cash Management System post-petition, subject to the modifications described herein and in the Motion, and to collect, concentrate, and disburse cash in accordance with such Cash Management Systems, in each case consistent with prepetition practice.

3. The Debtors are authorized to (a) designate, maintain, and use any or all of the Bank

Accounts in existence as of the Petition Date, including the Bank Accounts listed in the Motion, consistent with historical practice, and need not comply with certain of the U.S. Trustee Guidelines demarcating debtor-in-possession status, (b) deposit funds into and withdraw funds from such Bank Accounts by all usual means, including checks, wire transfers, and other debits and credits, and (c) treat their prepetition Bank Accounts for all purposes as debtor-in-possession accounts.

4. The Debtors are authorized to use the Business Forms and Books and Records in the ordinary course of business without alteration or change and without the designation "Debtor in Possession" or a bankruptcy case number imprinted upon them.

5. Notwithstanding anything to the contrary in any other order of this Court, the Bank (a) is authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires, or ACH transfers should be honored or dishonored, consistent with any orders of this Court, whether such checks, drafts, wires, or ACH transfers should be honored or dishonored, consistent with any orders of this Court, whether such checks, drafts, wires, or ACH transfers are dated prior to, on, or subsequent to the Petition Date, and whether the Bank believes the payment is or is not authorized by an order of this Court, (b) have no duty to inquire as to whether such payments are authorized by an order of this Court, and (c) the Bank shall not incur, and is hereby released from, any liability for relying upon a Debtor's instruction as to which checks, drafts, wires, or ACH transfers should be honored or dishonored or for such Bank's inadvertence in honoring any check, draft, wire, or ACH payment at variance from a Debtor's instructions. The Debtors shall place stop payment orders on any checks that are not to be honored by the Bank.

6. The Bank shall not be liable to any party on account of (a) following the Debtors' instructions or representations as to any order of this Court, (b) the honoring of any prepetition check or item in a good faith belief that this Court has authorized such prepetition check or item

to be honored, or (c) an inadvertent mistake made despite implementation of reasonable item handling procedures.

7. Subject to the terms of this Interim Order, the Bank is authorized to continue to administer, service, and maintain the Bank Accounts as such accounts were administered, serviced and maintained prepetition, consistent with existing Bank Account agreements between the Debtors and the Bank, without interruption and in the ordinary course (including making deductions and setoffs for bank fees and other applicable charges related to such cash management services, whether arising prepetition or postpetition), and to honor any and all checks, wire transfers, ACH transfers, electronic fund transfers or other items presented, issued or drawn on the Bank Accounts.

8. The Bank may rely on this Interim Order and on the Debtors' representations and instructions as to the payments and transfers that may be honored or dishonored in accordance with the terms of the Bank Account agreements.

9. Subject to the Bankruptcy Code and applicable law, those certain existing Bank Account agreements between the Debtors and the Bank shall continue to govern the postpetition cash management relationship between the Debtors and the Bank, and all of the provisions of such agreements, including termination, offset rights, and all other rights and remedies afforded under such agreement, shall remain in full force and effect. Without limiting the foregoing, the Bank, in accordance with the agreement governing the Bank Accounts, are authorized to "charge back" to the Debtors' accounts any amounts incurred by the Bank resulting from returned checks or other returned items, and the Debtors are authorized to pay any fees owed to the Bank, in each case regardless of whether such items were deposited prepetition or postpetition or relate to prepetition or postpetition items. Without limiting the foregoing, the Bank is authorized to debit the Debtors'

accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' Bank Accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtors' Bank Accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management Systems. For the avoidance of doubt, any other legal rights afforded to the Debtors or the Bank under applicable law shall be preserved.

10.     The Debtors and the Bank are authorized, without further order of this Court and consistent with the existing Bank Account agreements, to agree to and implement such reasonable changes to the Cash Management Systems as the Debtors or the Bank may deem necessary or appropriate, including, without limitation, closing any of the Bank Accounts or opening any new accounts following the Petition Date, whenever the Debtors deem that such accounts are needed or appropriate, as long as the accounts are with a bank that is (a) an approved depository in the Southern District of Texas, (b) organized under the laws of the United States of America or any state therein, and is insured by the FDIC or the Federal Savings and Loan Insurance Corporation, (c) designated a "Debtor in Possession" account by the relevant bank, (d) designated as an authorized depository by the U.S. Trustee pursuant to the U.S. Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, and (e) agrees to be bound by the terms of this Interim Order. The Debtors shall provide the U.S. Trustee, all secured creditors of the Debtors, and any official committee appointed in these chapter 11 cases with prompt notice of

any new accounts that are opened, or Bank Accounts that are closed, and shall include such information on the Debtors' monthly operating reports. The Bank is authorized to (a) honor the Debtors' requests to open or close (as the case may be) any Bank Account(s) and (b) to accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions. The Debtors are also authorized to enter into any ancillary agreements related to the foregoing, consistent with any other orders that the Court has entered. Any new accounts opened by the Debtors shall be deemed to be Bank Accounts and are similarly subject to the rights, obligations, and relief granted in this Interim Order. Additionally, this Interim Order shall apply to any and all Bank Accounts actually in, or linked to, the Cash Management Systems, even if such Bank Accounts do not appear on the list provided in the Motion.

11. To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, such requirements are waived.

12. Each as expressly authorized by this Interim Order, to the extent any Bank seeks to assert a setoff right (if any) with respect to any prepetition claim (other than in connection with any fees owed to the Bank) or impose an administrative freeze on any Bank Account, such Bank shall be required to seek relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code. Subject to the Debtors' rights in respect of such request and absent an order of this Court granting such relief, the automatic stay shall remain in full force and effect except to the extent necessary to comply with the terms of this Interim Order.

13. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of payments of prepetition obligations and claims approved by Court order, and to replace any prepetition checks or electronic fund transfer requests

that may be lost or dishonored or rejected as a result of the commencement of the chapter 11 cases.

14. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein or by separate "first day" orders of the Court are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order or by separate "first day" orders of the Court.

15. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Interim Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

17. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

19. This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: July ___, 2021

_____
United States Bankruptcy Judge